WILLIAM H. W. CUSHMAN, appellant, *v.* JOHN DEMENT, appellee.

*Appeal from La Salle.*

A blank endorsement of a promissory note, at the time of its execution, is *prima facie* evidence of a liability in the capacity of guarantor, and operates as authority to a *bona fide* holder to fill up the endorsement, by writing a guarantee over the signature. This legal presumption is liable to be rebutted by parol proof. But proof that the endorser wrote his name for the purpose of becoming liable as security that the makers should be responsible for the payment of the note, and that he refused to sign as a maker, does not rebut it.

THIS cause was heard in the Court below, at the May term, 1842, before the Hon. Thomas Ford.

H. G. COTTON and B. C. COOK, for the appellant, contended:

1. The plaintiff ought not to have suffered a term to pass, after the money fell due, without a prosecution of the makers of the note. Moakly *v.* Riggs, 19 Johns. 69 ; Kies *v.* Tifft, 1 Cowen 98.

2. In the absence of proof of a special undertaking, a blank endorsement is supposed to be on the responsibility of the payee. Tillman *v.* Wheeler, 17 Johns. 328 ; 1 Salk. 132.

3. The defendant, endorsing first in point of time, is to be considered second endorser. Herrick *v.* Carman, 12 Johns. 159.

4. The defendant is only liable according to the terms of his undertaking at the time he endorsed the note. Smith *v.* Finch, 2 Scam. 321 ; Dean v. Hall, 17 Wend. 220 ; Curtis *v.* Smallman, 14 Wend. 231 ; Compton *v.* McNair, 1 Wend. 457.

They also cited Boyd *v.* Cleveland, 4 Pick. 525 ; Hayes *v.* Gorham *et al.*, 2 Scam. 429.

O. PETERS, J. V. A. and A. HOES, for the appellee :

The endorsement being in blank, the legal effect is to charge the defendant as a guarantor of the payment, upon proof that he made the endorsement for the purpose of giving the makers credit with the payee. Nelson *v.* Dubois, 13 Johns. 175; Campbell *v.* Butler, 14 Johns. 349. Both cases recognised. Smith *v.* Finch, 2 Scam. 32.

It was competent for the payee to fill up the endorsement according to the contract.

It being a guarantee of the payment, neither suit, presentment, nor notice is necessary. Hough *v.* Gray, 19 Wend. 202, and case there cited; Allen *v.* Rightmere, 20 Johns. 365.

They also cited Eldredge *et al. v.* Huntington, 2 Scam. 535.

DOUGLASS, Justice, delivered the opinion of the Court: (1)

This was an action of *assumpsit,* by Dement against Cushman, in the La Salle Circuit Court. The declaration contains various counts; some declaring against the defendant as maker of a promissory note, and others as guarantor, with the usual common counts. A jury was dispensed with, and a trial had by the Court, upon the general issue pleaded, and a verdict rendered for the plaintiff for so much of the note as remained unpaid. A motion for a new trial was made and overruled, and judgment entered upon the verdict. The note, credits, endorsements, and all the evidence are embraced in the bill of exceptions; from which it appears that Eager & Hill executed to Dement their promissory note, dated May 29th, 1837, for $848.00, payable six months from date, and that Cushman, at the same time, wrote his name on the back of the note. The bill of exceptions says it was proved by a witness that the defendant admitted to the witness, that the note was given for a lot of cattle sold and delivered by the plaintiffs to the makers of the note; that the plaintiff refused to sell the cattle to the makers without security, and that the defendant endorsed the note in blank, at the time of making the same, for the benefit of the makers; but that witness did not understand from Cushman the precise nature of his responsibility, further than as above stated. The endorsement was filled up before trial. The defendant then moved for a nonsuit, which was overruled; and the defendant then called a witness, who testified that he was present when the defendant endorsed the note; that the plaintiff wanted the defendant to put his name as maker; that the defendant refused to do so, and said he would only become liable as security that Eager & Hill should be responsible for the payment of the note, or something of that kind. Witness understood that Cushman meant to be liable that they should be good for the note, when it became due. The defendant offered to prove that a judgment had been obtained on the note against the makers, execution issued

(1) CATON, Justice, having been of counsel, and SEMPLE, Justice, not having heard the argument, gave no opinion.

thereon, and levied on real estate sufficient to satisfy the judgment, which was objected to, and the objection sustained, and no exception taken to the opinion of the Court. The Court then declared that the whole evidence showed that the defendant intended to become responsible for the payment of the note, in case the makers did not pay the same, and found for the plaintiff the amount due on the note.

The defendant has appealed to this Court, and assigned for error the decisions of the Court below:

*First.* In overruling the motion for a nonsuit;

*Second.* In finding the issue for the plaintiff;

*Third.* In overruling the motion for a new trial;

*Fourth.* In rendering judgment for the plaintiff.

We have decided, at the present term, in the case of Camden *et al. v.* McKoy *et al.*, (1) that a blank endorsement of a promissory note, at the time of its execution, is *prima facie* evidence of a liability in the capacity of guarantor, and operates as authority to a *bona fide* holder to fill up the endorsement, by writing a guarantee over the signature. This legal presumption is liable to be rebutted by parol proof, as has been attempted in this case. But the Circuit Court was of opinion that the whole evidence showed the defendant intended to become responsible for the payment of the note, in case the makers did not pay it, when due; and we think the evidence fully sustains the verdict. The judgment of the Court below was correct upon each of the points raised by the assignment of errors.

The judgment is affirmed with costs.

*Judgment affirmed.*